23-7594
Erraez-Montano v. Bondi

BIA
Lazare-Raphael, IJ
A220 999 168/169/170

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of February, two thousand twenty-five.

PRESENT:
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> ALISON J. NATHAN,
> *Circuit Judges.*

_____

MIGUEL ANGEL ERRAEZ-MONTANO, MARIA CARMEN BUSTAMANTE-MONGE, MIGUEL ALEJANDRO ERRAEZ-BUSTAMANTE,
> *Petitioners,*

v.

PAMELA BONDI, UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

23-7594
NAC

_____

FOR PETITIONERS:          Gary J. Yerman, Esq., New York, NY.

FOR RESPONDENT:          Brian M. Boynton, Principal Deputy Assistant
                         Attorney General; Colin J. Tucker, Senior
                         Litigation Counsel; Madeline Henley, Trial
                         Attorney; Office of Immigration Litigation,
                         United States Department of Justice,
                         Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Miguel Angel Erraez-Montano, Maria Carmen Bustamante-Monge, and their minor son, all natives and citizens of Ecuador, seek review of an October 12, 2023, decision of the BIA affirming an October 3, 2022, decision of an Immigration Judge ("IJ") denying their applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Miguel Angel Erraez-Montano, et al.*, Nos. A 220 999 168/169/170 (B.I.A. Oct. 12, 2023), *aff'g* Nos. A 220 999 168/169/170 (Immig. Ct. N.Y. City Oct. 3, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA adopted and affirmed the IJ's decision, we have reviewed both decisions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review fact-finding "under the substantial evidence standard" and questions of

2

law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

The agency did not err in concluding that Petitioners failed to establish a cognizable social group. Applicants for asylum and withholding of removal have the burden to establish that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" their persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *see Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (determining that the "one central reason" standard applies to both asylum and withholding of removal). An applicant who asserts membership in a particular social group must establish that the group is cognizable. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014). To constitute a cognizable particular social group, a group must be "(1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *Id.* at 196 (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). An applicant must satisfy all three requirements to establish membership in a particular social group. *See Guzman-*

3

*Alvarez v. Sessions*, 701 F. App'x 54, 55–56 (2d Cir. Oct. 27, 2017) (summary order); *Cabrera v. Garland*, 100 F.4th 312, 322 (1st Cir. 2024). We review de novo the determination of whether a group is cognizable. *Id.* at 195.

The agency correctly concluded that Petitioners' proposed social group—owners of family-owned small businesses—was not cognizable because its members lack immutable characteristics. An immutable characteristic is one that members "either cannot change, or should not be required to change because it is fundamental to their individual identities or consciences." *Id*. (internal quotation marks omitted). Employment and business ownership generally are not immutable characteristics. *See Matter of Acosta*, 19 I. & N. Dec. 211, 234 (B.I.A. 1985) (holding that a job as a taxi driver was not an immutable characteristic because of the ability to change jobs); *Bonilla-Hernandez v. Garland*, No. 22-6056, 2024 WL 1338769, at *1 (2d Cir. Mar. 29, 2024) (summary order) (holding that "being a business owner is not an immutable characteristic"). Petitioners also do not dispute the IJ's finding that they no longer own a business.

Because the failure to establish a cognizable social group is dispositive of asylum and withholding, we do not reach the agency's nexus findings. *See Paloka*, 762 F.3d at 195 ("To succeed on a particular social group claim, the applicant must

establish both that the group itself was cognizable, and that the alleged persecutors targeted the applicant on account of [] membership in that group." (internal quotation marks and citation omitted)); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

Finally, substantial evidence supports the agency's denial of CAT relief. CAT applicants bear the burden to establish that they would "more likely than not" be tortured by or with the acquiescence of a government official if removed. 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). "A *private* actor's behavior can constitute torture under the CAT without a government's specific intent to inflict it if a government official is aware of the persecutor's conduct and intent and acquiesces in violation of the official's duty to intervene." *Pierre v. Gonzales*, 502 F.3d 109, 118 (2d Cir. 2007).

In determining that Petitioners had not established acquiescence, the agency considered Erraez-Montano's testimony that he went to the police three times and that each time, the police responded and asked him questions, but ultimately took no further action because Erraez-Montano could not identify his attackers. The agency also considered the fact that one of his attackers had since been jailed for

5

other crimes.  Given the police response and the ultimate arrest of one of the attackers for other crimes, and the absence of any country conditions evidence to support a claim of acquiescence to torture, the record does not compel an acquiescence finding contrary to that of the agency.  *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 593–94 (2d Cir. 2021) ("[S]ubstantial evidence review does not contemplate any judicial reweighing of evidence.  Rather, it requires us to ask only whether record evidence compelled an acquiescence finding different from that reached by the agency.").

For the foregoing reasons, the petition for review is DENIED.  All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court